**In re Joseph O. EDELMANN, Sr., Debtor.**

**No. 03–40504–659.**

United States Bankruptcy Court, E.D. Missouri, Eastern Division.

April 12, 2004.

Howard S. Smotkin, St. Louis, MO, for Trustee.

E. Rebecca Case, Saint Louis, MO, Chapter 7 Trustee.

Robert E. Eggmann, St. Louis, MO, for Debtor.

## MEMORANDUM OPINION AND ORDER

KATHY ANN SURRATT–STATES, Bankruptcy Judge.

The matter before the Court is Trustee's Amended Objection to Property Claimed as Exempt (hereinafter "Objection") and Debtor's Response to Trustee's Objection to Property Claimed as Exempt. On June 6, 2003, the parties filed a Joint Stipulation of Facts and Exhibits. Also, on June 6, 2003, Debtor filed an Opposition Brief to Trustee's Amended Objection to Property Claimed as Exempt, and Trustee filed a Supporting Brief of the Trustee's Amended Objection to Property Claimed as Exempt. A hearing on the matter was held on June 9, 2003, at which counsel for Trustee and counsel for Debtor presented oral argument. The Court, having reviewed the pleadings and the file and having considered the arguments of counsel, makes the following FINDINGS OF FACT:

The Trustee in this case is E. Rebecca Case (hereinafter "Trustee"). Debtor Joseph O. Edelmann (hereinafter "Debtor") filed a Voluntary Petition for Relief under Chapter 7 of the United States Bankruptcy Code on January 14, 2003 ("Petition Date"). Debtor is married to Elizabeth J. Edelmann (hereinafter "Mrs. Edelmann") and has been in excess of 25 years. As of the Petition Date, Debtor was a beneficiary of the Joseph and Elizabeth Edelmann Family Trust dated March 10, 1997 (hereinafter the "Trust"). The Trust contains two assets: the home in which Debtor and Mrs. Edelmann reside, located at 9012 Pine Avenue, St. Louis, Missouri 63144 (hereinafter the "Real Estate") and several investment accounts at A.G. Edwards totaling $50,668.01 (hereinafter the "Invest-

ment Account"). The Grantors under the Trust are Debtor and Mrs. Edelmann.

The Real Estate was owned by Mrs. Edelmann's parents prior to the acquisition of the Real Estate by the Trust. Mrs. Edelmann's siblings deeded the Real Estate to Mrs. Edelmann and at least one of the siblings deeded their share of the Real Estate jointly to Debtor and Mrs. Edelmann. Debtor paid no consideration for his interest in the Real Estate. On March 10, 1997, Debtor and Mrs. Edelmann executed a quit claim deed in favor of the Trust with respect to the Real Estate. As of the Petition Date, Debtor and Mrs. Edelmann held no joint debts other than their liability on the Deed of Trust secured by the Real Estate. The Real Estate constitutes the primary residence of Debtor and Mrs. Edelmann. Neither Debtor nor Mrs. Edelmann was insolvent at the time the Trust was created. Neither Debtor nor Mrs. Edelmann was insolvent at the time any assets were transferred to the Trust.

Trustee raises the following arguments against Debtor's claim of exemption pursuant to § 541(c)(2). First, Trustee argues that Debtor cannot claim a homestead exemption for the Real Property because Debtor has no ownership interest in the Real Property. Second, Trustee argues that the Real Property is not held as tenancy by the entirety because Debtor and Mrs. Edelmann severed the tenancy by the entirety when they conveyed it to themselves as co-trustees of the Trust. Last, Trustee argues that the Trust is not a spendthrift trust because Debtor and Mrs. Edelmann exercise an impermissible degree of control over the Trust assets. Debtor argues that the Trust is a valid spendthrift trust under Missouri law, and Debtor should be allowed to exempt the Real Estate and Investment Account pursuant to § 541(c)(2). At the hearing, the first and second arguments posed by Trustee were not addressed by Debtor and are not in dispute. Therefore, the primary issue before the Court is whether the Trust is a spendthrift trust. The Court addresses this issue below.

## JURISDICTION

The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334 (2003), and Local Rule 81–9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (2003). Venue is proper under 29 U.S.C. § 1409(a) (2003).

## CONCLUSIONS OF LAW

■ "The commencement of a case under section 301...creates an estate...[and][s]uch estate is comprised of...[a]ll interests of the debtor and the debtor's spouse in community property [at] the commencement of the case that is under the sole, equal, or joint management and control of the debtor." 11 U.S.C. § 541(a)(2) (2003). "[A]n interest of the debtor in property becomes property of the estate under subsection (a)(2)...unless [a] restriction on the transfer of the beneficial interest of the debtor in a trust...is enforceable under applicable nonbankruptcy law..." 11 U.S.C. § 541(c)(1), (2) (2004). Federal Courts may look to state and federal nonbankruptcy law to determine whether property is excludable under § 541(c)(2). *Drewes v. Schonteich,* 31 F.3d 674, 676 (8th Cir.1994). Therefore, the Court may determine what constitutes a spendthrift trust under Missouri law and other federal courts applying Missouri law.

■ Under Missouri law, a spendthrift trust prevents a settlor's creditors from satisfying a claim against trust assets before payment is made to the designated

beneficiary under the trust.[1] However, there are two exceptions to this general rule. First, a spendthrift trust is invalid "[w]here the conveyance of assets to the trust [is] intended to hinder, delay, or defraud creditors or purchasers, pursuant to section 428.020..." REV. STAT. MO. § 456.080.3(1) (2003). There is no issue of fraud present under the facts, so the first exception does not apply.

However, under the second exception, a spendthrift trust is invalid

[t]o the extent of the settlor's beneficial interest in the trust assets, if at the time the trust was established or amended:

(a) The settlor was the sole beneficiary of either the income or principal of trust or retained the power to revoke or amend the trust; or

(b) The settlor was one of a class of beneficiaries and retained a right to receive a specific portion of the income or principal of the trust that was determinable solely from the provisions of the trust instrument...

REV. STAT. MO. § 456.080.3(2) (2003). The Eighth Circuit addressed the validity of spendthrift trusts under Missouri law in *In re Markmueller*, 51 F.3d 775 (8th Cir. 1995). In *Markmueller*, a debtor filed for bankruptcy protection but failed to disclose his interest in a trust. *Id.* at 776. Debtor filed an amendment with the Bankruptcy Court listing his interest in the trust four months later but claimed that the trust was excludable from his bankruptcy estate as an enforceable spendthrift trust. *Id.* The trustee filed a motion to compel debtor to turn over the trust property. *Id.* The trustee argued that the trust assets were property of the bankruptcy estate because the trust was not a valid spendthrift trust under Missouri law. *Id.* The Eighth Circuit held that a spendthrift trust is invalid if the settlor of the trust has the power to revoke the trust or exercises dominion or control over trust assets. *Id.* at 777.

In addition, Bankruptcy Courts in the Eastern District of Missouri have found spendthrift trusts invalid under Missouri law where: (1) the settlor of the trust is also the beneficiary of the trust; (2) the beneficiary has dominion or control over the trust; (3) the beneficiary may revoke the trust; or (4) the beneficiary has powers in the trust. *In re Brown*, 130 B.R. 304, 308 (Bankr.E.D.Mo.1991) (citing *In re Davis*, 125 B.R. 242, 245 (Bankr.W.D.Mo. 1991)). Thus, the Court must determine whether these elements are present in this case.

The first issue is whether Debtor and Mrs. Edelmann (the "Edelmanns") are settlors and beneficiaries of the Trust in violation of Missouri law. A settlor is "[a] person who makes a settlement of property; [especially] one who sets up a trust." BLACK'S LAW DICTIONARY 1378 (7th ed.1999). A beneficiary is the person designated to receive the income of a trust estate. *See* BLACK'S LAW DICTIONARY 149 (7th ed.1999). The Edelmanns established the Trust and both parties transferred assets to the trust. The Trust instrument indicates that the proceeds generated by the Trust may be used by the Edelmanns as beneficiaries of the Trust.[2] Thus, the Edelmanns are

1. "The settlor may provide in the terms of the trust that the interest of a beneficiary may not be either voluntarily or involuntarily transferred before payment or delivery of the interest to the beneficiary by the trustee." REV. STAT. MO. § 456.080.2 (2003).

2. "During the lifetimes of the Grantors, the Co-Trustees shall pay over to Grantors or use and apply the net income of the Trust Estate for the benefit of the Grantors, and the Co-Trustees may also... use and apply such portion or portions of the principal of the Trust

both settlors and beneficiaries of the Trust in violation of Missouri law.[3]

The second issue is whether the Edelmanns exercise dominion or control over the Trust in violation of Missouri law. Debtor argues that the Trust can be amended solely by the joint consent of Debtor and Mrs. Edelmann. It follows that since the Trust cannot be solely amended or changed by Debtor, Debtor has no meaningful control over the Trust. The Court disagrees with Debtor's assessment of the Trust. First, the Trust grants the Edelmanns sole power to amend, alter, or cancel the Trust.[4] As beneficiaries of the Trust, such broad powers to transform the purpose of the Trust up to and including cancellation of said Trust constitutes sufficient control over the Trust in violation of Missouri law.

If the Court follows Debtor's analysis, Debtor could avoid paying his creditors by shielding his interest in the Trust assets, cancel the Trust (with consent of Mrs. Edelmann) upon completion of his bankruptcy, and later receive his share of the corpus and proceeds of the Trust. Such events inure to the benefit of Debtor and to the detriment of his creditors. The potential abuses of spendthrift trusts is the reason the legislature enacted REV. STAT.

Mo. § 456.080.3 (2003). The Edelmanns are self settled beneficiaries exercising complete control over the Trust, so the self-settled nature of the Trust cannot be rehabilitated by its spendthrift provision. Therefore, the Court rejects the Debtor's argument.

The last issue is whether the Edelmanns may revoke the Trust in violation of Missouri law. Debtor argues that he has no unilateral right to revoke or amend the Trust.[5] The Court disagrees. As discussed above, the Edelmanns may revoke the Trust within their powers under the Trust Indenture. The mere fact · that Debtor cannot solely revoke the Trust is irrelevant given the potential for abuse. Debtor further argues that ITEM SEVEN, Paragraph (E), contains a valid spendthrift provision, which shields the corpus and income from creditors of the Edelmanns or their children. This argument also fails since the Trust is self-settled in violation of Missouri law. The Court finds that three (3) of the four (4) elements discussed in *Brown* are present in this case. Consequently, the Court finds that the Trust is not a valid spendthrift trust under Missouri law. Therefore, Trustee's Objection must be sustained.

Estate for the care, support, maintenance and comfort of the Grantors..." Exhibit A of Joint Stipulation of Facts and Exhibits, Indenture of Trust, ITEM TWO.

3. These so called "self-settled" trusts have long been declared invalid under Missouri law. *See Jamison v. Mississippi Valley Trust Co.*, 207 S.W. 788 (Mo.1918) (held that a settlor cannot settle property and provide conditions against that property being subject to the payment of his own debts, even if the settlor provides for a contingent remainder in third persons).

4. "The Grantors Jointly or the surviving Grantor individually may, in his or her personal discretion, at any time during their respective lifetimes, revoke this Indenture in its entirety, thereby terminating the Trust, and receive as their, his or her own property all of the assets, both principal and income... [t]he Grantors... individually may amend, alter or modify this Indenture, or revoke any portion or portions... and may amend, alter or revoke any amendments..." Exhibit A of Joint Stipulation of Facts and Exhibits, Indenture of Trust, ITEM NINE, Paragraphs (A) and (B).

5. Debtor's Memorandum in Opposition at 7.

It is accordingly ORDERED that Trustee's Amended Objection to Property Claimed as Exempt is SUSTAINED.